

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Sanderson,
Chairman, Texas Prison Board
Trinity, Texas

Dear Mr. Sanderson:

Opinion No. O-4404

Re: Whether or not the Texas
Prison Board may hold meet-
ings on days other than
those prescribed by statute.

We beg to acknowledge receipt of your letter re-
questing an opinion from this department upon the above-
captioned matter, the letter being as follows:

"At the last regular meeting of the Texas
Prison Board it developed that we will be un-
able to secure a quorum for our regular statu-
tory meeting in September but some time during
the early part of the month I will call a special
meeting, wording the call in such a way that any
business may properly come before the meeting.

"We find that it is increasingly difficult
for the board members to attend the statutory bi-
monthly meetings, as it is provided that these
meetings be held on Monday. It is my belief
that the business of the Prison System can be
properly handled by the board in special meet-
ings called at least as often as the statutory
meetings are called for and that we will be as-
sured of full attendance of the board. I will
appreciate your advising me if there could be
any legal objection to handling the board meet-
ings as above until conditions again become nor-
mal, so that we may possibly return to the regu-
lar statutory meeting dates. The members of the
Texas Prison Board are all very busy men and, of
course, Monday is a very bad day for them to be
away from their regular business and it is thought
that the business of the Prison Board could be
handled some other day in the week just as well."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Paul T. Sanderson - page 2

Article 6166d of the Revised Civil Statutes, Vernon's codification, is as follows:

"The Texas Prison Board shall hold a regular meeting on the first Monday in January, March, May, July, September and November of each year for the transaction of any and all official business. Special meetings of said Board may be called by the Chairman, and upon the petition of five members special meetings of said Board shall be called. Each member of the Board shall be given notice of special meetings and of the purpose thereof, and unless such notice has been given no official business shall be transacted at any special meeting. Six members of the Board shall constitute a quorum for the transaction of business at any meeting of the Board."

Article 6166f declares:

"If any member of the Board shall be guilty of malfeasance, misfeasance or nonfeasance in office, or shall become incapable or unfit to discharge his official duties or shall willfully fail, refuse or neglect the discharge of the duties of his office, such member may be removed from office in either of the following ways: * * *".

The Article first quoted makes it the mandatory duty of the Board to meet "on the first Monday in January, March, May, July, September and November of each year for the transaction of any and all official business." This language is plain, unambiguous, and mandatory in its nature. We are not at liberty to advise you to disobey it. It is not our province to challenge the wisdom of the law, neither is it our province to substitute something else therefor.

The statute with respect to the Board meetings as to time is as imperative as is the Constitution fixing the date of the convening of the Legislature, or the statutes prescribing the sitting of the courts of the State.

To disobey the law with respect to holding the Board's meetings at the specified, statutory time is at least a non-feasance in office by the member willfully

disobeying, and the same could be the basis for removal, as provided for in Article 816f.

Nothing we have said should be construed as in any wise forbidding a special meeting of the Board where for any reason one is necessary. On the contrary, the statute expressly provides for them. Moreover, if for any reason the regular statutory meeting has not been held, and a called meeting upon proper notice is held, the Board's orders on acts thereat would of course be valid.

We trust that what we have said sufficiently answers your inquiry.

APPROVED JUL 28, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN